# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JARROD PHILLIPS,                                  :

                Petitioner,                 Case No. 3:15-cv-1039

   - vs -                          Chief Judge Waverly D. Crenshaw, Jr.
                                         Magistrate Judge Michael R. Merz

DEBRA K. JOHNSON, WARDEN,

                Respondent.        :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Petitioner filed the Petition (ECF No. 1) and a Traverse (ECF No. 49). Respondent filed the state court record (ECF No. 27) and the Answer/Return of Writ (ECF No. 28).

Phillips pleads the following Grounds for Relief:

> **GROUND ONE:** "As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous sentence at any time, even if it has become final." *State v. Burkhart,* 566 S.W. 2d 871, 873 (Tenn. 1978); *Davis v. State,* 313 S.W. 3d 751, cert. den. (2010), WL 3321488; *Hart v. State,* 21 S. W 3d 901, 902 (Tenn. 2000). The challenge to Petitioner's sentence is not that he could plead guilty to a sentence of thirty-two (32) years for a Class A felony. It is abundantly clear that the State of Tennessee's position is that a Class A felony sentence "range" is from "not less than 15 years to not more than 60 years." [Tenn. Code Anno. Section 40-35-111 (b)(J)]
>
> However, the Sentence Reform Act of 1989 specifically provides that sentences fall under one of three categories, and this condition is based on the number and severity of his priors and the offense for which the defendant is found guilty. The Petitioner is found guilty of 2nd degree murder. He had one prior for a Class C felony, for which he received probation.

The fact that ordinarily, considering the relevant requirements of the law applicable to "Range I" sentences, is that because he had only one "prior" offense, his sentence range is "not less than 15 nor more than 25 years" [Tenn. Code Anno. 40-35-112(a)(J) But, the usurpation of due process is to be compared to the other relevant fact that Petitioner received a sentence within Range II, which the State of Tennessee describes as a "best interest plea", of 32 years for 2nd degree murder.

The sentence he received is challenged because of the denials of due process attendant to the guilty plea hearing which resulted in his guilty plea. Petitioner would add however, that the essential question is latent in the nature of the guilty plea, that resulted in him being sentenced outside Range I. The Sentencing Reform Act of 1989 factors governing sentences in the state of Tennessee for a Range I sentence, provide that Petitioner's sentence may fall within one of three categories of Range I, Range II or Range III, depending on his priors and the validity of a waiver of the defendant's right to be sentenced according to the lawful Range. *T.C.A. § 40-35-210(b). See State v. Ashby*, 823 S. W. 2d 166 (Tenn. 1991). Further, for a Class A sentence for the offense of 2nd degree murder, to exceed 25 years it must fall in Range II or Range III. Range II sentences begin at 25 years to 40 years. According to law, petitioner had to be sentenced as a Range I offender, unless he was informed he was being sentenced as a Range II or Range III offender felony class, for 2nd degree murder, even though Range II "multiple" offender requires "2-4 priors", according to the Sentence Reform Act. [T.C.A. § 40-35-106(a)].

**GROUND TWO:** "A 'knowing' waiver is one that is "made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *State v. Stephenson*, 878 S. W 530, 544-45, *citing, Fare v. Michael C.*, 442 US. 707 (1970); *North Carolina v. Butler*, 441 U.S. 369 (1979). In petitioner's case, there is no evidence on the record that he waived his rights knowingly and intelligently, as there was no discussion of the nature of the "best interest" sentence's illegality that was being waived. Further, the 32 year sentence at 100% is equivalent to a LIFE sentence in 2009. Life sentences in Tennessee equal thirty-six calendar years with a minimum of twenty-five years before release eligibility. {*T.C.A. §§ 40-28-116; 40-35-501 (h)(l)*: "Release eligibility for each defendant receiving a life sentence of imprisonment for first degree murder shall occur after service of sixty (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sent to imprisonment for life be eligible for parole until

the defendant has served a minimum of twenty-five (25) full calendar years of the sentence.... "

In Tennessee, "... waiver will not be presumed where there is no evidence ... to indicate that the appellant was made aware of the issue. " *See also United States v. Young*, 73 F. Supp. 2d 1014, 1024 (N.D. Iowa 1999); *State v. McClintock*, 732 S. W. 2d 268 (Tenn. 1987); *State v. Mackey*, 553 S. W. 337 (Tenn. 1977); *Boykin v. Alabama*, 395 US 238, 89 S.Ct. 1709. In *Mackey*, *supra*, the court found that under *Boykin v. Alabama*, a defendant waives numerous constitutional rights upon a plea of guilt. These rights cannot be waived unless there is an affirmative showing that the guilty plea was intelligent and knowingly made.

The affirmative showing can only be met by the trial court's questioning and advising the accused of the significant consequences of a guilty plea. In Tennessee, *Mackey* imposed on trial court's even stricter standards than those mandated by the gold standard in *Boykin*, which included specific warnings and advice which the defendant must receive as part of his plea. See <u>Tenn. Rule of Criminal Procedure Rule 11</u>. *See also Brady v. United States*, 397 US. 742, 747 (1990). Best interest was written at some point in time on the judgment form, but the 4 corners of the form do not contain any signature or proof that Rule 11 was complied with. According to Rule 11, T.R.Crim. P., a sentence is a form of trial... as such the Defendant's right to be heard, to have the sentence of "best interest" explained to him, to have the "waiver" explained to him. A defendant cannot waive rights he didn't know he had. *Cf. Taylor v. State*, 2013 WL 6797398, *citing, State v. Muse*, 967 S. W. 2d 764, 768; *Tears v. State*, 2013 WL 6405734 (12-6-13). T.*R. Crim. P. 11 (b)(J)(H)(l)*.

Petitioner submits that the sentencing judge did not "insure that the plea was voluntary". *Id. T.R. Crim. P. 11 (b)(2)*. This omission constitutes a denial of due process of law. Petitioner is not contending that he could or could not be sentenced to the "statutory minimum and maximum sentences for a particular sentencing range...: *See Phillips v. State*, No. M20 l 3-02026-CCA-R3-HC; 4-2314) Petitioner[sic] claim is that no one explained the real meaning of his so-called "Best Interest" plea and especially the meaning of his waiving his right to be sentenced within the Range II sentence range for a conviction of 2nd degree murder.

Tennessee judicial system has strong legal structure for substantive and procedural due process in order for a defendant to plead guilty, in particular to the particular plea known as a "best interest" plea

outside the sentence range provided by law for the defendant. *See State v. McClintock*, 732 S.W. 2d 268 (Tenn. 1987) In this case, the state's prosecutor was the only source for which any reference to a "best interest plea" was made:

> Judge, on his plea of guilty to-- I think he is going to plead this as a best interest plea of guilty of second degree murder. The defendant would also waive his range of punishment on that for a total sentence of 32 years at 100 percent.

[pg. 8, Ins. 4-8, Guilty Plea Hearing Transcript, Case No. 2009-D-3454; Criminal Court for Davidson County, Tennessee, Division IV]

The State claims "A defendant who is a multiple offender shall receive a sentence within Range II which is 25 to 40 years for a Class A felony. Tennessee Code Annotated § 40-35-106 ©[sic], -112(b)(l)." However, the law requires that a "multiple offender must have that classification found by the court beyond a reasonable doubt", (Id.), and the district attorney general was required to file a statement that he believes the defendant should be sentenced as a multiple offender" *See T.C.A. § 40-35-202(a)*

**GROUND THREE:** Petitioner had not received constitutionally effective assistance of counsel during the penalty phase in part because of Defense Counsel's failure to adequately investigate and present mitigating circumstances during the penalty hearing.

The issue of ineffectiveness of counsel goes directly to sentencing. One of the most important functions of the defense lawyer is to represent the client zealously at the sentencing hearing. *Cf Wiggins v. Smith*, 539 U.S. 510, 523, 123 S.Ct. 2527 (2003): [counsel's failure to investigate and present mitigating circumstances during the penalty phase deprived defendant of effective assistance of counsel]. A defendant can be sentenced within Range II only if he is found to be a "multiple offender", or is found to have committed an especially aggravated offense. *T.C.A. § 40-35-202(b)(2)*. The Petitioner's trial attorney Public Defender Ms. Dykes, the State's attorney and the trial Court are all state actors. In *Coffman v. Bomar*, 220 F.Supp. 343, the court held that "any default of court appointed counsel in Tennessee criminal case must be attributed to State in testing application of Fourteenth Amendment". U.S.C.A. Const. Amend 14. Petitioner plight fell under either a "mitigated" offender or at the most a "standard" Range I offender.

**GROUND FOUR:** A guilty plea must be voluntarily, understandingly and knowingly entered. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709 (1969); *State v. Mackey*, 553 S. W. 2d 337 (Tenn. 1977); *Lane v. State*, 316 S. W. 3d 555, 562 (Tenn. 2010). A plea is not "voluntary" if it results from ignorance, misunderstanding ...." *Blankenship v. State*, 858 S.W. 2d 897. In that sense, petitioner's sentence was not voluntary.

Petitioner was by law a "Range I" offender, even facing the charge of 1st degree murder. When he was offered the plea to 2nd degree no one explained nor did he understand that a conviction for 2nd degree murder by best interest guilty plea can be sentenced as a Range I or Range II sentence, even though he rightly belongs in range I for that offense. When he was offered the plea to 2nd degree, he agreed because it was a lesser charge, not because he was willing to be sentenced outside the range for that offense. This was his complete understanding.

As to Range I or Range II, he had no knowledge of how he could or would be sentenced in terms of the sentencing ranges. Petitioner could still have entered a "best interest" plea to 2nd degree murder as Range I. Cf in the Tennessee case of *Demarcus Sanders v. State*, (No. W201 2-01685-CCA-R3-PC; 2013 WL 6021415, Tenn. Crim. App. Nov. 8, 2013) where that defendant received a "25 year sentence" - the maximum for "Range I" - for 2nd degree murder. Id. At *2.

Only after his plea was entered and long after he was sentenced, did he come to know that the sentence he received of 32 years, was in excess of the amount of time he would have received based on the statutory guidelines of priors as a Range I sentence. When or where did petitioner affirm that he understood the different "ranges of punishment which he was essentially waiving", (No. M2013-02026-CCA-R3-HC), when the record is devoid of how this required understanding was had? The Criminal Court of Appeals opinion that the Defendant "... affirmed that he understood the charges against him and their respective range of punishment". Petitioner did not understand that he would be pleading guilty to a sentence in a "Range" beyond what his criminal history allowed.

**GROUND FIVE:** "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence is expired." *Taylor v. State*, 995 S.W. 2d 78, 83 (Tenn. 1999); *State v. McConnell*, 12 S.W. 3d 795, 797.

The trial court lost jurisdiction by violating his procedural and substantive constitutional rights to sentence him under the statute for multiple offender. Pursuant to <u>T.C.A. § 40-35-106©[sic],</u> "A defendant who is found by the court beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II." <u>And yet, petitioner received "a sentence within Range II", without the court's finding "beyond a reasonable doubt", that he is a "multiple offender".</u>

This omission clearly proves the court lost its jurisdiction to sentence Petitioner to a Range II sentence. *See State v. Ritchie*, 20 S. W. 3d 624, 630 (Tenn. 2000) (*quoting Archer v. State*, 851 S.W. 2d 157, 158 (Tenn. 1993).

"Subject matter jurisdiction concerns the court's authority to adjudicate a matter. *Jacob v. Partee*, *citing, In re Estate of Trigg*, 368 S. W. 3d 483, 489 (Tenn. 2012). Jurisdiction is conferred by statute and by the constitution of the United States, and cannot be waived or conferred by the parties by silence, consent, or plea. *Id*. An order of a court acting without subject matter jurisdiction is void. *Id*. -The question of subject matter jurisdiction may be raised at any time in any court." *Partee*, *supra*, 2013 WL 5817450 (10-30-13), @#2, *citing, Freeman v. CSX Transp. Inc.*, 359 S.W. 3d 171, 176 (Tenn. Ct. App. 2010); *See also May v. Carlton*, 245 S. W. 3d 340, 344 (Tenn. 2008) *citing, State v. Burkhart*, 566 S. W. 2d 871, 873 [Tenn. 1978]: "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time. "

Petitioner contends that the only way the State of Tennessee can justify sentencing him beyond his lawful range for punishment, is that someone, anyone, came forward and upon the record in open court, clearly established that they informed the Defendant that "this is a Range I sentence and this is a Range II sentence. Although you are (otherwise) a "Range I" offender, you are being sentenced as a "Range II" offender because you could have been facing a greater sentence had you enjoyed your right to a jury trial and the jury found you guilty beyond a reasonable doubt." The record does not reveal this kind of instruction or admonishment by the sentencing court or by defense counsel.

The State was quoted in the Criminal Court of Appeals Opinion (*Id*., pg. I; No. M2013-02026-CCA-R3-HC; 4-23-14) "Judgment (form) specifically 'stated' that, "Defendant waives range of punishment for Murder 2nd & will receive 32 yrs as Range 2." (No.

M2013-02026-CCA-R3-HC. Other than this "judgment" form, which was not signed by counsel or petitioner, nowhere in the State's "offer of proof" does anyone state on the record that Petitioner was advised that "you are a Range I offender, but you are waiving that range of punishment, in order to be sentenced to a 'total sentence of 32 years at 100 percent at Range II". This sort of explanation is the only way the State can fairly say that the Petitioner knowingly and understandingly waived his right to be sentenced for 2nd degree murder, outside of his Range.

His prior criminal history established that he was more correctly a Range I offender, and he could still have received a maximum sentence of 25 years, and been a "best interest" plea due to the degree of offense, not the sentence outside the range. A plea bargain also results in a lesser included offense.

**GROUND SIX:** Whether the trial court dismissal without reliance on the guilty plea hearing transcript was an abuse of discretion.

What the· sentencing court noted on the judgment form that the petitioner had "waive[ d] range of punishment for murder 2nd and will receive 32 years as Range 2", was not known by petitioner until after he got to prison and a counselor gave him a copy of his judgment. (See State's Motion to Dismiss, 8-14-2013, Case No. 13-CV-39). Petitioner did not voluntarily, knowingly and intelligently waive his rights. U.S. Const. Amend. 5; Const. Art. I § 9, where he did not have a "rational as well as factual understanding of the proceedings: State v. Blackstock, 19 S. W,. 3d 200, 205, citing, Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 789 (1960).

The State is attempting to parlay the writing on a judgment "form" that was not signed by petitioner or his attorney, as equivalent to the U.S. Supreme Court requirement that waiver must be in open court. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin*, *supra*, 395 U.S. at 244. "in considering the validity of a judgment, an examination of the underlying record is appropriate in habeas corpus proceedings." *Dykes v. Compton*, 978 S.W. 2d 528, 529 (Tenn. 1998). A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Dickson v. Kriger*, 2012 WL426601; *Gonsewski v. Gonsewski*, 350 S.W. 3d 99,105 (Tenn. 2011).

The sentencing State court did not follow the statutory sentencing procedure, did not make findings of fact that are adequately

supported in the record, and did not give due consideration to the factors and principles that are relevant to sentencing under the <u>Tennessee Sentence Reform Act of 1989. T.C.A. § 40-35-117; § 40-35-112.</u> (Sentence ranges) The sentencing court abused its discretion in sentencing him to a sentence outside of Range I and outside of his knowledge and understanding.

In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must advise the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. *Boykin*, 395 U.S. at 244. *Blankenship v. State*, 858 S.W. 2d 897, 904 (Tenn. 1993).

**GROUND SEVEN:** Whether the defendant received "NOTICE" from the State of Tennessee that his plea was a best interest plea rather than a guilty plea? Amend, 5, 6, 14. Tennessee.

However, the State's attorney was not the one who was charged with the duty of explaining to petitioner what rights he was waiving with respect to this particular plea. Note that there is no reference by the State's district attorney general to Range I or Range II. And nothing whatsoever from the trial Court Judge. What the district attorney general was required to do by law as a matter of due process to the defendant, is provided by statute T.C.A. § 40-35-202 (a):

> *If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. "*

T.C.A. § 40-35-202 (a).

It is not the State's district attorney general's duty to provide that the Defendant's plea be knowingly, understandingly and intelligently made. Yet, in this case, the only reference at all to the sentence petitioner received, was made by the court, and the reference was to the "nulled" charge of "Count III". (See pg. 5, Ins. 4-5) No reference to the charge or sentence received. What makes the sentence unconstitutional is the absence from the trial court, to the Defendant advising him of the nature of the plea in terms of the sentence. The State takes a look at it, but in no way can the

uncertain characterization of the State fulfill the requirements of the law:

> *"I think he is going to plea*
> *This as a best interest plea". [lns. 4-5, pg. 8)*

The significance of these glaring denials of petitioner's constitutional federal 5th, 6th and 14th amendment rights to notice, equal protection and to due process of law, is that had the district attorney general put Petitioner on "notice" that he "believes that a defendant should be sentenced as a multiple ... offender" we may not be having this argument now.

Putting petitioner on notice that he would be sentenced as a Range II multiple offender as required by T.C.A. § 40-35-202 (a), may well have brought with it an explanation that (1) petitioner did not meet the statutory number of priors to otherwise plead guilty to a sentence of 32 years, and (2) the State intended nonetheless to induce him as a Range II offender as part of the "best interest" plea bargain, and reduce the offense in lieu of giving up his rights to trial by jury, the presumption of innocence, right to counsel during trial, right to direct appeal, to witnesses in his own behalf, and to cross examine any adversarial witnesses, and of course the right not to be compelled to be a witness against himself.

**GROUND EIGHT:** Whether the petitioner knowingly understanding and intelligently pled guilty to an out of range sentence of 32 years at 100% as a Range I offender? The judgment form is void of proof that the Petitioner knowingly accepted the terms of the expressed judgment.

Only the signature of the prosecutor and the judge are preserved on the form. Petitioner contends that because of the illegality of his sentence, his sentence should be set aside: "Due process provision of Federal Constitution requires that pleas of guilty be knowing and voluntary; a knowing and voluntary guilty plea includes the intentional relinquishment or abandonment of known rights." *Johnson v. State*, 834 S. W 2d 922 (Tenn. 1992):("... knowing and intelligent waiver of fundamental rights"). The United States Supreme Court has provided the essential requirements in order for a guilty plea to be knowingly, understandingly, and intelligently made, in order for the State to rest on its conclusion that there was an "intentional abandonment of a constitutional right." *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019 (1938) [Relinquishment of certain constitutional rights including right against self incrimination will not be presumed from silent record; therefore

unless there is affirmative showing that plea was knowing and voluntary, guilty plea may be vacated upon collateral attack. *Id.*] See *State v. Mellon*, 118 S.W. 3d 340, 345 (Tenn. 2003); *State v. Mackey*, 553 S.W. 2d at 340.

**GROUND NINE:** Whether defense counsel explained to the Defendant the difference between a Range I and Range II sentence? Counsel was never asked in open court did he explain to the Defendant, the "best interest plea" to a sentence beyond the range I for a Class A offense.

There is nothing in the record or the face of the judgment form that suggests his sentence resulted from negotiations between counsel, the district attorney general, and petitioner. In spite of the esoteric term "best interest", the hidden reality is that this excessive sentence is equivalent to a Life sentence in 2009. The services rendered by trial Counsel were deficient and the deficient performance was prejudicial. The Petitioner has shown that the services rendered and the advice given was below the range of competence demanded of attorneys in criminal cases resulting in guilty pleas.

A manifest injustice would result if his sentence is not reduced to no more than the statutory maximum for Range I. The trial court did not inform him at the hearing that he was being sentenced outside the range established by his one prior conviction. Petitioner was ignorant of the range of punishment he should have received. See *Lane v. Sate[sic]*, 316 S.W. 3d 555, 563 (2010); *State v. Wilson*, 31 S. W 3d 189, 183 (Tenn. 2000), *superseding State v. Mackey*, on other grounds.

**GROUND TEN:** Whether the trial Court explained to the Defendant the difference between range I and Range II sentence? The petitioner was never asked in open court did he understand he was pleading guilty outside of the Range I classification that he would fall in pursuant to the sentencing statute. "A judgment imposed by a trial court in direct contravention of express statutory provision regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final. " *McLaney v. Bell*, 59 S. W 3d 90; T.C.A.§ 40-35-112. The only query directed to the understanding petitioner received from defense counsel Ms. Laura Dykes, regarding the "best interest plea" agreement, made by the sentencing Judge, that appears on the record of the Guilty Plea Hearing transcript is:

The Court: Do you understand the plea bargain arrangement that Ms. Dykes has worked out for you in this matter?

"The Defendant: Yes, sir.

"The Court: All right. Your plea to murder, guilty or not guilty?

Ms. Dykes: Second degree-

"The Court: Second degree murder that is, guilty or not guilty?

The Defendant: Guilty

"The Court: The Court finds that there is a factual basis for the plea. The plea is voluntarily entered."

Pg. 11, Ins 1-20, (Guilty Plea Hearing Transcript, 1-25-2012)(Case No. 2009-D-3454)

"The trial court must address the defendant to make sure that the defendant is aware of what the plea connotes and of its consequences. *State v. Robinette*, 2015 WL 4745065,@ *7; *Blankenship v. State*, 858 S.W. 2d 897, 904 (Tenn. 1993). Clearly these prerequisites were not complied with by the sentencing court at petitioner's sentencing hearing.

Petitioner had one prior contact with the judicial system, which resulted in a probation for a Class "C" felony. He has no juvenile history. The requirements of the law provided that the trial Court explain to the defendant that he was to be sentenced to a greater sentence that he would have expected to receive as a "Range I" offender for 2nd degree murder, but that he would still receive less time that he would have if he had gone to trial and if he had been convicted of 1st degree murder.

What the trial court failed to do in this instance is determine if the guilty plea was "knowing" by questioning and explaining to petitioner to make sure he fully understood the plea and the penal consequences. *State v. Pettus*, 986 S. W 2d at 542; *State v. Blankenship*, at 858 S. W 2d at 904. Not once did the trial court advise petitioner that he was waiving the particular due process

claims herein, and whether he was begin sentenced beyond the proper classification or the charge.

Petitioner's sentence for 2nd degree does fall under Range I sentencing guidelines. The State of Tennessee had a duty to inform him that he would ordinarily be sentenced to the reduced charge of 2nd degree murder at Range I, of no less than 15 nor more than 25 years, that he would nonetheless receive a sentence beyond Range I as a part of the plea agreement, "waive his range of punishment on that. .. " Petitioner was never informed that he was waiving his right to be sentenced under "RANGE I". A petitioner cannot waive a right he never knew he had. "In order to waive the right, a defendant must (1) know of the right and (2) personally waive it in writing or on the record .... " *Taylor v. State*, *supra*; *State v. Muse*, *supra*; *Tears v. State*, *supra*. See also Tenn. R. Crim. P. 11 (b)(l), which requires the trial court to determine that the defendant understands:

> (A) The nature of the charge to which the plea is offered
>
> (B) The maximum possible penalty and any mandatory minimum penalty."

(Petition, ECF No. 1, PageID 1-17.)

In his Reply, Phillips summarizes his claims as follows:

> ISSUE 1: THE PETITIONER'S SENTENCE IS ILLEGAL BECAUSE HE DID NOT HAVE THE REQUISITE NUMBER OF PRIOR CONVICTIONS TO QUALIFY AS A RANGE II OFFENDER AND DID NOT KNOWINGLY WAIVE HIS RIGHT TO BE SENTENCED ACCORDINGLY TO HIS LAWFUL RANGE.
>
> ISSUE 2:. THE PETITIONER DID NOT KNOWINGLY WAIVE HIS RIGHTS WHEN HE PLED GUILTY, RENDERING HIS PLEA INVOLUNTARY.
>
> a. NO ONE EXPLAINED THE MEANING OF A "BEST INTEREST"
>
> b. NO ONE EXPLAINED THE MEANING OF HIS WAIVER OF HIS RIGHT TO BE SENTENCED AS A RANGE I OFFENDER.
>
> ISSUE 3: THE PETITIONER RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO ADEQUATELY INVESTIGATE AND PRESENT

MITIGATING EVIDENCE DURING THE SENTENCING HEARING.

ISSUE 4: THE PETITIONER'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY.

ISSUE 5: THE TRIAL COURT LACKED JURISDITCTION [sic] TO SENTENCE THE PETITIONER BECAUSE IT DID NOT FIND BEYOND A REASONABLE DOUBT THAT THE PETITIONER WAS A RANGE II OFFENDER.

ISSUE 6: THE TRIAL COURT ABUSED ITS DISCRETIONH[sic] WHEN IT DISMISSED THE PETITIONER'S STATE HABEAS PETITION WITHOUT RELYING ON THE TRANSCRIPT OF THE GUILTY PLEA HEARING.

ISSUE 7: THE PETITIONER DID NOT RECEIVE NOTICE FROM THE STATE THAT HIS PLEA WAS A BEST INTEREST PLEA.

ISSUE 8: THE PETITIONER DID NOT KNOWINGLY, UNDERSTANDINGLY, AND INTELLIGENTLY PLEAD GUILTY TO AN OUT-OF-RANGE SENTENCE.

ISSUE 9: TRIAL COUNSEL FAILED TO EXPLAIN THE DIFFERENT[sic] BETWEEN A RANGE I AND RANGE II SENTENCE TO THE PETITIONER.

ISSUE 10: THE TRIAL COURT FAILED TO EXPLAIN THE DIFFERENT[sic] BETWEEN A RANGE I AND RANGE II SENTENCE TO THE PETITIONER.

(ECF No. 49, PageID 438.)

**Procedural and Factual History**

Phillips was indicted by the Davidson County Grand Jury in 2009 on one count of first degree murder in violation of Tennessee Code Annotated §39-13-202, one count of especially aggravated robbery in violation of Tennessee Code Annotated §39-13-403, and one count of felony murder in violation of Tennessee Code Annotated §39-13-202 (State Court Record, ECF No. 27, PageID 84). On January 25, 2012, Phillips, with the assistance of counsel, entered a plea to a single count of second degree murder and the trial court sentenced Petitioner as a range II offender to 32 years imprisonment at 100% release eligibility (State Court Record, ECF 27, PageID 166). No motion to withdraw guilty plea or appeal was filed and the judgment became final on February 24, 2012.

On October 18, 2012, the petitioner filed a pro se petition for post-conviction relief, arguing that his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel (State Court Record, ECF No. 27, PageID 90). The post-conviction court appointed counsel who filed an amended petition (State Court Record, ECF No. 27, PageID 95). Following a hearing, the post-conviction court denied the petition for post-conviction relief (State Court Record, ECF No. 27, PageID 103). The petitioner appealed and after briefing, the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court. *Phillips v. State*, No. M2014-01374-CCA-R3-PC, 2015 Tenn. Crim. App. LEXIS 271 (April 15, 2015)(copy at ECF No. 27-6, PageID 204, et seq.)("*Phillips II*").

On July 15, 2013, Phillips filed a state petition for writ of habeas corpus. The Respondent moved to dismiss and the court granted the motion (State Court Record, ECF No. 27, PageID 285). On appeal, the Tennessee Court of Criminal Appeals affirmed the dismissal of the petition. *Phillips v. State*, 2014 WL 1663109, at *1 (Tenn. Crim. App. April 23, 2014), *perm.*

14

*app. denied* (Tenn. Sept. 22, 2014)("*Phillips I*").

On September 28, 2015, the petitioner filed the instant federal habeas case.


# Analysis


**Ground One:  Unlawful Sentence as a Range II Offender Because Guilty Plea Invalid**


In his First Ground for Relief, Phillips claims his sentence as a Range II offender is invalid because his guilty plea was not knowing, intelligent, and voluntary, as required by *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)(Reply, ECF No. 49, PageID 441).  Respondent concedes that this claim was properly exhausted in the Tennessee state courts and asserts the decision of the Tennessee Court of Criminal Appeals on this claim in *Phillips II* is entitled to deference under 28 U.S.C. § 2254(d)(1).  Phillips replies that the court of appeals decision is contrary to or an unreasonable application of Supreme Court precedent, without citing any precedent other than *Boykin*, *supra* (Reply, ECF No. 49, PageID 442).

In his post-conviction petition, Phillips claimed both that his plea was unknowing and involuntary and that he received ineffective assistance of trial counsel in the plea proceedings. The court of appeals found that during the plea colloquy the trial judge explained to Phillips the rights he was waiving which he said he understood.  *Phillips II* at *2.  He indicated he was satisfied with the representation he had received and understood the possible ranges of punishment, including that he could be sentenced to life imprisonment if convicted as originally charged. *Id.*  The prosecutor announced in open court that the plea offer was a "best interest plea

of guilty of second degree murder. [Phillips] would also waive his range of punishment on that

for a total sentence of 32 years at 100 percent." *Id.* at *13. The court of appeals findings were

based on a "detailed written order" from the trial court, entered after an evidentiary hearing at

which Phillips was represented by counsel and at which both he and his trial attorney testified.

Applying both *Boykin* and Tennessee case law following *Boykin*, the court of appeals affirmed

denial of post-conviction relief. It noted the statements made at the plea and their importance:

> Statements made by a petitioner, his attorney, and the prosecutor
> during the plea colloquy, as well as any findings made by the trial
> court in accepting the plea, "constitute a formidable barrier in any
> subsequent collateral proceedings." *Blackledge v. Allison,* 431
> U.S. 63, 73-74 (1977). Statements made in open court carry a
> strong presumption of truth, and to overcome such presumption, a
> petitioner must present more than "conculsory [sic] allegations
> unsupported by specifics." *Id*. at 74.

*Phillips II* at **12-13. On the out-of-range sentence issues, it found:

> First, the Petitioner claims that, at the time he pleaded guilty, he
> did not understand that he was pleading out-of-range as a Range II
> offender. However, trial counsel testified that, even though she
> may not have used the term "range," she explained to the Petitioner
> why the plea agreement contained a 32-year sentence as opposed
> to a potential maximum sentence of 25 years. Additionally, before
> the Petitioner accepted the plea in court, the State made an offer a
> proof and said, "The [Petitioner] would also waive his range of
> punishment on that for a total sentence of 32 years at 100%."
> Moreover, immediately above the Petitioner's signature, the
> Petition to Enter a Guilty Plea clearly states, "Best Interest Guilty
> Plea to count 1 reduced to Second Degree murder. 32 years at
> 100%. [The Petitioner] agrees to sentence outside of range I.
> Dismiss counts 2 & 3." During the plea colloquy, the Petitioner
> affirmed that he freely and voluntarily signed the plea petition and
> that he had "had plenty of time to go over it" with trial counsel. At
> no point did the Petitioner ask for clarification about the range
> classification. Based on this evidence, the Petitioner is not
> entitled to relief.

*Phillips II, supra,* at *13.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances.  *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984).  The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case.  *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749.

If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000).  However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those

consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

Phillips received a constitutionally adequate explanation of the plea he was entering and the rights being waived by doing so. He said he understood and will not be heard now to contradict that solemn statement in open court. He has not shown that the Tennessee Court of Criminal Appeals decision is in any way an objectively unreasonable application of *Boykin* or other Supreme Court precedent.

Phillips' First Ground for Relief should be denied on the merits.


**Ground Two: Invalid Guilty Plea**


In his Second Ground for Relief, Phillips again asserts his guilty plea was invalid for

omission of particular parts of the plea bargain process, to wit, not explaining what a "best interest" plea was and not explaining what it meant to waive his right to be sentenced as a Range I offender.

Respondent asserts this claim is procedurally defaulted because it was not present in these exact terms to the Court of Criminal Appeals (Return, ECF No. 28, PageID 359-60). However, the Magistrate Judge finds the appellate court made the relevant findings in the portion of its decision quoted above where it found that the practical effect of the plea agreement was explained – a guilty plea to second-degree murder with a sentence "outside of range 1" at 32 years and it also found Phillips signed the Petition to Enter a Guilty Plea with that language in it. That constitutes an objectively reasonable decision on the merits of this claim under *Boykin*, *supra*, for the same reasons given above as to Ground One. Again, when an explanation of a plea is made in open court and a defendant says he understands and does not ask any questions, he will not be heard later to say he didn't understand.

Ground Two should be dismissed on the merits.


**Ground Three: Ineffective Assistance of Trial Counsel in the Plea Process**


In his Third Ground for Relief, Phillips asserts he received ineffective assistance of trial counsel from his trial attorney in the sentencing hearing by failing to adequately investigate and present mitigating evidence.

Respondent asserts this claim for relief is barred by Phillips' procedural default in presenting it to the Tennessee courts, to wit, by raising it for the first time on appeal from denial of his state habeas corpus petition (Return, ECF No. 28, PageID 361-62). Phillips concedes that

is when he first presented it, but asserts he can show the requisite cause and prejudice by asserting ineffective assistance of post-conviction counsel.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the

remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id.*

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Phillips begins by asserting "it was Post-Conviction counsel's duty in raising this issue at Post-Conviction hearing and appeal. Post-Conviction Counsel was ineffective was cause [sic]

and such failure prejudiced Petitioner under *Sutton v. Carpenter*, 745 F.3d 787, 792 (holding that *Martinez* and *Trevino* apply in Tennessee.") (Reply, ECF No. 49, PageID 447). While that is the correct holding in *Sutton*, it is of no help to Phillips here. The court of appeals did not find Phillips had defaulted this claim by failing to raise it in post-conviction. Instead, it found the claim was raised for the first time on appeal from denial of state habeas corpus and was defaulted because it had not been raised in the petition. As quoted in the Return, the court held:

> Petitioner also presents other arguments on appeal. These arguments were not presented to the habeas corpus court below. When a petitioner raises an issue for the first time on appeal, that issue is waived. See *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). In addition, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Because Petitioner did not allege these issues in his habeas corpus petition or raise them during the hearing, the habeas corpus court did not address these issues in its order. Therefore, these issues are waived.

(Return, ECF No. 28, at PageID 361, quoting *Phillips I*, 2014 Tenn. Crim. App. LEXIS 389, * 8.) Like most other States, Tennessee has a rule that a litigant may not raise on appeal an issue he or she has not presented to the court below. It enforced that rule against Phillips here and he has not shown excusing cause and prejudice for failing to raise it in the court below.

Phillips' Third Ground for Relief should be dismissed as procedurally defaulted.

**Ground Four: Invalid Guilty Plea**

In his Fourth Ground for Relief, Phillips again asserts his guilty plea was not knowing

and voluntary. For the reasons given above as to Ground One, this ground for relief is without merit because the Tennessee Court of Criminal Appeals decision is an objectively reasonable application of *Boykin*, *supra*. Ground Four should be dismissed.

**Ground Five: Lack of Subject Matter Jurisdiction to Sentence**

In his Fifth Ground for Relief, Phillips asserts the trial court lacked subject matter jurisdiction to sentence him as it did because it did not find beyond a reasonable doubt that he was a range II offender.

Respondent asserts this ground for relief is procedurally defaulted because it was never presented to the Court of Criminal Appeals on either the post-conviction or the state habeas appeal (Return, ECF No. 28, PageID 362-63).

Phillips responds that he has consistently claimed that his plea was illegal and this "Issue/Claim #5 is a part of the illegality of his plea." (Reply, ECF No. 49, PageID 453.) There are many ways in which a plea can be "illegal," e.g., if the judge exerts pressure or fails to explain the rights being waived or the prosecutor makes a promise and then does not deliver on it. The point of the procedural default and exhaustion doctrines is to require a defendant to choose which ways he claims his sentence is illegal and the assert this claim clearly in the state courts at the first opportunity. A habeas litigant cannot raise new issues for the first time in a habeas petition.

Mr. Phillips seeks relief in the doctrine of *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but, like many pro se litigants, believes it entitles him to a "less strict standard of law." (Reply, ECF No. 49, PageID 453.) Actually, *Haines* entitles pro se litigants to a less strict standard of

pleading. The Sixth Circuit has held that the allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Williams v. CSX Transportation Co., Inc.*, 643 F.3d 502, 510 (6th Cir. 2011) *citing Federal Exp. Corp. V. Holowecki*, 552 US. 389, 402 (1998); *see also*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McNeil v. United States*, 508 U.S. 106, 113 (1993). But the standard for procedural default applies to all litigants.

Ground Five for Relief is procedurally defaulted and should be dismissed.


**Ground Six: Failure of the State Habeas Court to Review the Plea Transcript**


In his Sixth Ground for Relief, Phillips claims that state habeas trial court abused its discretion by dismissing his petition without consulting the transcript of his guilty plea which, he believes, would have shown the plea was invalid.

Respondent argues this claim is procedurally defaulted because it was presented for the first time on appeal from denial of the habeas petition. The Tennessee Court of Criminal Appeals declined to address the merits of this claim on that basis. As explained above, the rule that a court of appeals will not consider an issue not raised in the trial court is common among the States and indeed in federal court and is therefore an adequate state procedural ground for dismissal.

Even if this claim were not procedurally defaulted, it is not cognizable in habeas corpus. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995). Ground Six should therefore be dismissed.


**Ground Seven: Lack of Notice from the State that the Plea was to be a Best Interest Plea**

In his Seventh Ground for Relief, Phillips asserts he did not received adequate notice from the State that his plea was to be a "best interest" plea. This Ground for Relief is procedurally defaulted on the same basis as Ground Six, to wit, that it was presented for the first time on appeal from denial of the state habeas corpus petition, Ground Seven should be dismissed.

**Ground Eight: Invalid Guilty Plea**

In his Eighth Ground for Relief, Phillips offers another twist on his invalid plea claim, this time because allegedly the form of the judgment is improper. Respondent asserts this claim is procedurally defaulted because it was raised for the first time on appeal from denial of state habeas.

Respondent's argument is well taken for the reasons given for Grounds Six and Seven. If the Court were to reach the merits of this claim, it would find is has no merit based on the findings recited as to Ground One: Phillips was adequately advised of the nature of his plea and of the out-of-range sentence to which he was agreeing Ground Eight should be dismissed.

**Ground Nine: Ineffective Assistance of Counsel: Failure to Explain the Difference Between a Range I and a Range II Offense**

In his Ninth Ground for Relief, Phillips claims he received ineffective assistance of trial counsel when his trial attorney did not explain the difference between a Range I and a Range II sentence. Respondent concedes this claim is preserved for merit consideration, but asserts this Court should defer under 28 U.S.C. § 2254(d)(1) to the decision of the Tennessee Court of

Criminal Appeals on post-conviction (Return, ECF No. 28, PageID 373-76). Phillips claims in his Reply that the TCCA decision is contrary to *Boykin*, *supra*, or an unreasonable application of it.

In considering this claim on post-conviction appeal, the appellate court wrote:

### Ineffective Assistance of Counsel

> The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. *Id.*; *Henley*, 960 S.W.2d at 580; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Henley*, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).
>
> As to the first prong of the *Strickland* analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)); *see also Goad*, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that the counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (*citing Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. *Goad*, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (*quoting Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

A substantially similar two-prong standard applies when the petitioner's challenges counsel's performance in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). First, the petitioner must show that his counsel's performance fell below the objective standards of reasonableness and professional norms. *See id*. Second, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would have not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

In this case, the Petitioner argues that he received ineffective assistance of counsel "[b]ased on trial counsel's failure to explain to [the Petitioner] that he would be pleading out-of-range, and trial counsel's failure to inform [the Petitioner] that the State would not be calling the jailhouse informants to testify against him . . . ."

As noted above, the post-conviction court addressed both of the grounds supporting the Petitioner's claim for ineffective assistance of counsel and found that the Petitioner understood that he was pleading to an out-of-range sentence and that he failed to prove that the knowledge of the absence of the jailhouse informants' testimony would have significantly affected his decision to plead guilty. At the post-conviction hearing, the Petitioner explained that he understood he was accepting a 32-year sentence as part of the plea deal but maintained that he did not understand that he was pleading as a Range II offender. He also stated that his belief that the jailhouse informants would testify against him "play[ed] a role" in his decision to plea guilty. However, the Petitioner did not claim that he would have insisted on taking his case to trial had he been sufficiently informed about either of these issues. Further, the Petitioner acknowledged his own blood had been found at the crime scene. Therefore, the Petitioner failed to prove that he was prejudiced by any alleged deficiency and is not entitled to relief.

*Phillips II*, 2015 Tenn Crim. App. LEXIS 271, at **16- 18.

Phillips merely asserts that these conclusions are an objectively unreasonable application of *Strickland* and *Hill v. Lockhart*, without showing how. Had he gone to trial, he would have faced a possible life sentence. Regardless of whether the jail informants ever testified against him, his blood was on the deceased. He points to no way in which it would have been reasonable for him to insist on going to trial.

Because the court of appeals decision is a reasonable application of *Strickland*, it is entitled to deference under 28 U.S.C. § 2254(d)(1). Ground Nine should be dismissed.

## Ground Ten: Trial Court Error in Failing to Explain the Difference Between a Range I and Range II Sentence

In his Tenth Ground for Relief, Phillips claims his plea in invalid because the trial court did not explain the difference between a Range I and a Range II sentence. Respondent asserts this claim is procedurally defaulted because it was never presented to the Tennessee Court of Criminal Appeals (Return, ECF No. 28, PageID 368).

Phillips responds that this is an issue his post-conviction counsel should have raised (Reply, ECF No. 49, PageID 466). That excuse is unavailing. This is a claim of trial court error which could have been raised on direct appeal, but no direct appeal was ever taken. Phillips also never raised it in his pro se state habeas petition, an omission which cannot be blamed on post-conviction counsel.

Because this claim was never presented to the state courts, it is procedurally defaulted and should be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).