UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JARROD PHILLIPS ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-cv-01039 |
| ) | Chief Judge Crenshaw |
| DEBRA K. JOHNSON, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Doc. No. 56) recommending that Jarrod Phillips' Petition for Writ of Habeas Corpus (Doc. No. 1) be denied and that no certificate of appealability issue. Having conducted a *de novo* review of the matter as required by Rule 72 of the Federal Rules of Civil Procedure, and notwithstanding Phillips' Objections (Doc. No 57) to the R & R, the Court agrees with the recommended disposition. Accordingly, the R & R will be adopted, Petitioner's objections will be overruled, and the Petition will be dismissed.

### I. Background

On September 8, 2009, Nathaniel Adefope, a professor at the Tennessee State University ("TSU") Agriculture Resource Center, was murdered at his workplace. Phillips, who also worked at TSU, was subsequently indicted by a Davidson County, Tennessee grand jury, and charged with first degree premeditated murder in violation of Tenn. Code Ann. § 39-13-202; aggravated robbery in violation of Tenn. Code Ann. § 39-13-403; and felony murder in violation of Tenn. Code Ann. § 39-13-202.

1

On January 25, 2012, Phillips pled guilty to a single count of second degree murder. He was sentenced as a Range II offender to 32 years of imprisonment.

Nine months later, on October 18, 2012, Phillips filed a petition for post-conviction relief. On July 15, 2013, he filed a petition for writ of habeas corpus. Both petitions were filed in the Twentieth Judicial District Court in Davidson County.

The petition for writ of habeas corpus asserted that Phillips was being illegally detained because he was sentence as a Range II instead of a Range I offender. The state trial court summarily dismissed the claim because the record indicated that Phillips pled guilty to second degree murder in exchange for a 32 year sentence. That conclusion was affirmed on appeal because "petitioner entered a Hicks plea,"[1] meaning that, by voluntarily pleading guilty, petitioner "waive[d] any subsequent complaint about offender classification and length of sentence, 'so long as [the sentence did] not exceed the maximum punishment for the plea offense.'" Phillips v. Johnson, 2014 WL 1663109, at *2 (Tenn. Crim. App. April 23, 2014) ("Phillips I") (quoting Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007)). The 32-year sentence imposed was permissible because second degree murder is a Class A felony, and the sentencing range under Tenn. Code Ann. § 40-35-111(b)(1) for a Range II, Class A felony multiple offender is 25 to 40 years. Id. at 3.[2]

In the post-conviction proceedings, Phillips claimed that his guilty plea was not knowing and voluntary because counsel failed to explain to him that he would be pleading to an out-of-range sentence, and failed to inform him that the State would not call three jailhouse informants to testify

---

[1] In Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997), the Tennessee Supreme Court held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility."

[2] The Range I sentence for a Class A offender is 15 to 25 years. Tenn. Code Ann. § 40-35-112(a)(1).

against him at trial. For those reasons, and also because he allegedly was coerced into entering his plea, Phillips also argued that he received the ineffective assistance of counsel. After a hearing during which Phillips was represented by counsel, the trial court denied post-conviction relief. That denial was affirmed on appeal. Phillips v. State, Slip op. no. M2014-01374-CCA-R3-PC (Tenn. Crim. App. April 15, 2015) ("Phillips II").[3]

The present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 followed.

## II. Legal Analysis

Petitioner brings ten claims, all of which surround the knowingness or voluntariness of his plea of guilt and the consequent sentence. The Magistrate Judge's recommendation for dismissal of all of those claims is two-fold. First, four of Phillips' claims – One, Two, Four, and Nine – are subject to dismissal on the merits because the Tennessee Court of Criminal Appeals reasonably applied Boykin v. Alabama, 395 U.S. 238 (1969) and Strickland v. Washington, 466 U.S. 668 (1984). Second, the remaining claims – Three, Five, Six, Seven, Eight and Ten – are procedurally defaulted because they were not first raised in the state trial court, or were not presented to the Court of Criminal Appeals, either in post-conviction proceedings or in the state habeas appeal.

### A. Exhausted Claims

Under the Antiterrorism and Effective Death Penalty Act, which amended Section 2254 and applies to all habeas petitions filed after April 24, 1996, Smith v. Robbins, 528 U.S. 259, 267 n.3 (2000), a federal court may not grant a writ of habeas to a petitioner in state custody with respect to any claim adjudicated on the merits in state court unless (1) the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[3] This opinion was filed as a part of the state court record and can be found at Doc. No. 26-7.

Supreme Court . . . or (2) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Taylor v. Withrow, 288 F.3d 846, 850 (6th Cir. 2002) (quoting 28 U.S.C. § 2254(d)). "A state-court decision is considered 'contrary to . . . clearly established federal law' if it is 'diametrically different, opposite in character or nature, or mutually opposed.'" Mahdi v. Bagley, 522 F.3d 631, 636–37 (6th Cir. 2008) (quoting Ivory v. Jackson, 509 F.3d 284, 291 (6th Cir. 2007)). "In order to constitute an 'unreasonable application of . . . clearly established Federal law,' a state-court decision on the merits must be 'objectively unreasonable,' not simply erroneous or incorrect." Id. "Furthermore, '[t]he state court's findings of fact are presumed to be correct unless they are rebutted by 'clear and convincing evidence.'" Id.

Petitioner asserts that (1) his sentence is illegal because he did not have the requisite number of convictions to qualify as a Range II offender, and did not knowingly waive his right to be sentenced as a Range I offender (Claim One); (2) he did not voluntarily plead guilty because (a) no one explained the meaning of a "best interest" plea or (b) the waiver of his right to be sentenced as a Range I offender (Claim Two); and (3) he did not know until after his sentencing the difference between Range I and Range II offenders (Claim Four). He also asserts that trial counsel failed to explain the difference between a Range I and Range II offender (Claim Nine).

As a preliminary matter, there is nothing unconstitutional about pleading guilty and agreeing to be sentenced within a higher range. This is because "[t]he United States Constitution does not require strict proportionality between a crime and its punishment," and "a sentence that falls within the maximum penalty authorized by statute generally does not constitute 'cruel and unusual punishment." Bryant v. Yukins, 39 F. App'x 121, 123 (6th Cir. 2002) (citing Harmelin v. Michigan,

4

501 U.S. 957, 965 (1991); Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000)). Furthermore, under Tennessee law, "[a] defendant can legally plead guilty and receive a longer sentence in Range II or Range III when he is only a Range I offender by statutory definition, when the sentence is part of a negotiated plea agreement and the defendant receives consideration, such as dismissed charges, in return." State v. Bigbee, 2015 WL 5968524, at *2 (Tenn. Crim. App. Oct. 14, 2015) (citing, Hoover v. State, 215 S.W.3d 776, 779 (Tenn. 2007)). In other words, "even though a defendant qualifies as only a Range I offender, that defendant may validly receive a Range II multiple offender or Range III persistent offender sentence under a plea bargain as long as the plea was knowing and voluntary." Juan v. Lewis, 2008 WL 2219296, at *3 (Tenn. Crim. App. May 29, 2008) (citing Hicks, 945 S.W.2d at 709). Thus, the central question is whether Petitioner knowingly and voluntarily entered into his plea agreement in exchange for the 32 year sentence he received. The habeas record establishes that the Tennessee Court of Criminal Appeals did not act contrary to federal law and reasonably determined that he did enter into a voluntary plea.

"[G]uilty pleas must be entered knowingly, voluntarily, and intelligently in order to be constitutionally effective." Fitzpatrick v. Robinson, 723 F.3d 624, 639 (6th Cir. 2013) (citing Brady v. United States, 397 U.S. 742, 748 (1970)). "Such a determination is made after considering all of the relevant circumstances surrounding the plea or waiver." Id. "For a guilty plea to be valid, the defendant is required to understand the nature of the charges against him and the consequences of pleading guilty, including the possible punishments and loss of other rights." Id. Thus, "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant," Hill v. Lockhart, 474 U.S. 52 (1985) (citation omitted), and a voluntary plea occurs when it is "entered

5

by one fully aware of the direct consequences." Brady, 397 U.S. at 748.

Phillips was fully aware of the nature of the charges, the potential punishment, and the direct consequences of his plea. In the plea colloquy, the state court judge explained (1) Phillip's right to a trial; (2) the requirement that the state had to prove guilt beyond a reasonable doubt; (3) Phillip's right to confront accusers, cross-examine witnesses, and call his own witnesses; and (4) his right to remain silent. (Doc. No. 27-3, Plea Colloquy at 3). When asked, Phillips asserted that he (1) was not suffering from any illness, (2) not under the influence of any drugs or narcotics; and (3) was satisfied with counsel representation. (Id. at 4). Next, the judge informed Phillips that he was "charged in Count I with first degree premeditated murder that can carry death, life without parole or life; you're charged in Count II with first degree felony murder that can carry death, life without parole or life; and you're charged in Count III with especially aggravated robbery that can carry 15 to 60 years." (Id. at 4-5). After Phillips acknowledged that he understood the charges and possible penalties, the judge turned to the plea petition which had been submitted. (Id. at 5).

In the Plea Petition, Phillips was informed of the three charges against him and the possible punishment for each of those crimes. (Doc. No. 27-3 Plea Petition at 1). He was also informed of the Constitutional rights that he was forgoing by pleading guilty, and "declare[d] that no person ha[d] pressured, forced, threatened, or intimidated" him into pleading guilty. (Id.). Phillips also confirmed that he believed that his lawyer did everything he could to assist him, and that he had no problem communicating with his lawyer. (Id. at 2). Immediately above Phillips' signature, the Plea Petition provided:

> Best Interest Guilty Plea to Count I reduced to Second Degree murder. 32 years at 100%. Phillips agrees to sentence outside of Range I. Dismiss Counts 2 & 3.

(Id.).

6

At the plea colloquy, Phillips confirmed that his signature appeared on the Plea Petition and, under oath, told the judge that he had entered into the plea agreement "freely and voluntarily" after having had "plenty of time to go over it with it" with counsel. (Doc. No. 23-2, Plea Colloquy at 5-6). Phillips also acknowledged that he was waving his right to trial and appeal. (Id. at 6). After the prosecutor went over the factual basis for the plea, and Phillips acknowledged the representations were true and correct, the judge stated:

> The Court finds that there is a factual basis for the plea. The plea is voluntarily entered. It's the judgment of the Court that you be sentenced to the Department of Corrections for a period of 32 years as a violent offender at 100 percent.

(Id. at 11).

"Solemn declarations in open court carry a strong presumption of verity," and "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Far from reaching a conclusion that was contrary to federal law, the Tennessee Court of Criminal Appeals had little choice but to conclude that Phillips entered his plea voluntarily and knowingly given the record presented.

It may be that the difference between a Range I and Range II offender could have been explained in more detail. However, the voluntariness of a plea does not depend on the trial court's perfect compliance with plea hearing procedures and "can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749; see United States v. Pimentel, 539 F.3d 26, 29 (1st Cir. 2008) (collecting cases) (observing that it has been "repeatedly said that for the acceptance of a guilty plea to be valid . . . the plea colloquy need not be perfect"); Isble v.

7

United States, 611 F.2d 173, 174–75 (6th Cir. 1979) (stating that "alleged inadequacies respecting the plea-taking procedure do not rise to the level of constitutional error"). Phillips did not have to fully comprehend the nuances in Tennessee's sentencing laws to understand that he was pleading guilty to a specific term of imprisonment in exchange for the dismissal of charges that could have resulted in significantly more prison time. See United States v. Day, 969 F.2d 39, 43 (3d Cir.1992) ("We do not suggest that, to comply with the Sixth Amendment, counsel must give each defendant anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines . . . [k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty."). Accordingly, the Tennessee Court of Criminal Appeals reasonably concluded that Phillips did not meet his heavy burden to show that he should not be bound by his responses at the plea hearing, which demonstrate that he understood that he was being sentenced to a term of 32 years confinement.

It was also reasonable for the Tennessee Court of Criminal Appeals to determine that Phillips did not show ineffective assistance of counsel because counsel allegedly did not fully explain the difference between Range I and Range II offenders, and failed to inform him jailhouse informants were not going to testify against him. After thoroughly discussing the law surrounding ineffective assistance of counsel claims under Strickland, the Court of Appeals wrote:

> [T]he post-conviction court addressed both of the grounds supporting the Petitioner's claim for ineffective assistance of counsel and found that the Petitioner understood that he was pleading to an out-of-range sentence and that he failed to prove that the knowledge of the absence of the jailhouse informants' testimony would have significantly affected his decision to plead guilty. At the post-conviction hearing, the Petitioner explained that he understood he was accepting a 32-year sentence as part of the plea deal but maintained that he did not understand that he was pleading as a Range II offender. He also stated that his belief that the jailhouse informants would testify against him "play[ed] a role" in his decision to plea guilty. However, the Petitioner did not claim that he would have insisted on taking his case to trial had he

8

been sufficiently informed about either of these issues. Further, the Petitioner
acknowledged his own blood had been found at the crime scene. Therefore, the
Petitioner failed to prove that he was prejudiced by any alleged deficiency and is not
entitled to relief.

Phillips II, Slip op. no. M2014-01374-CCA-R3-PC at 9).

As a part of showing the ineffective assistance of counsel Strickland, "a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quoting Strickland, 466 U.S. at 694). Thus, to show prejudice in the guilty-plea context, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." Hill, 474 U.S. at 59.

Phillips has not made that showing. As the Magistrate Judge pointed out, had Phillips "gone to trial, he would have faced a possible life sentence." (Doc. No. 56 at 27). Further, and "[r]egardless of whether the jail informants ever testified against him, his blood was on the deceased." (Id.).

"'Surmounting Strickland's high bar is never an easy task'" because "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one[.]" Harrington, 562 U.S. 86, 105 (2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). Establishing that a state court's application of Strickland was unreasonable in the context of a habeas proceeding is "doubly so." Id. Using the "doubly" deferential standards of § 2254(d) and Strickland, the Court concludes that the Tennessee Court of Criminal Appeal's determination that defense counsel's performance was not deficient is neither contrary to, nor an unreasonable application of, federal law.

9

**B. Procedurally Defaulted Claims**

The Magistrate Judge thoroughly set forth the law surrounding procedural default in the R & R (Doc. No. 56 at 20-22), and that law need not be repeated here. The Magistrate Judge found that Phillips procedurally defaulted on Claim Three (ineffectiveness of counsel in the plea process); Claim Six (failure of the state habeas court to review the plea transcript), Claim Seven (inadequate notice that his plea would be a "best interest plea"); and Claim Eight (improper form of judgment) because the those claims were not presented until the habeas appeal. The Magistrate Judge also found that Phillip's procedurally defaulted on Claim Five (lack of subject matter jurisdiction to sentence claim), and Claim Ten (trial court error in failing to explain the difference in sentencing ranges) because those issues were never presented to the Court of Criminal Appeals in either the post-conviction or state habeas appeal. While Phillip's reiterates his arguments regarding procedural default, the Court agrees with the Magistrate Judge's finding that these claims have been procedurally defaulted.

In his objections, Phillip's also argues that any procedural default should be excused. The Court disagrees.

"When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto[.]'" Burroughs v. Makowski, 411 F.3d 665, 667 (6th Cir.2005) (quoting Murray v. Carrier, 477 U.S. 478, 484 (1986)). Both factors – cause and prejudice – must be met. Cvijetinovic v. Eberlin, 617 F.3d 833, 836 (6th Cir. 2010). Alternatively, a petitioner "'must demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Lundgren v. Mitchell, 440 F.3d 754, 763 (6th Cir. 2006) (quoting Coleman v. Thompson, 501 U.S. 722, 749 (1991)).

Phillips cannot show a fundamental miscarriage of justice. The Supreme Court has classified this exception as "rare," and noted that it is to be applied only in the "extraordinary case." Schlup v. Delo, 513 U.S. 298, 321 (1995). Indeed, the Supreme Court has "explicitly tied the miscarriage of justice exception to the petitioner's innocence." Id.; see Hanna v. Ishee, 694 F.3d 596, 607 n.4 (6th Cir. 2012) (noting that a habeas petitioner may "assert that his case raises a fundamental miscarriage of justice by arguing that he is actually innocent of the crime for which he was convicted"); Strouth v. Colson, 680 F.3d 596, 608 (6th Cir. 2012) (rejecting fundamental miscarriage of justice argument where petitioner presented "no evidence that comes remotely close to establishing that this is the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent"). Phillips does not claim he is innocent.

Nor can Phillips establish cause and prejudice so as to warrant relief. After all, "[a] finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." Martinez v. Ryan, 566 U.S. 1, 17 (2012).

In the context of an ineffective assistance of counsel claim, petitioner must show that the "claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. Phillips' claim that counsel was ineffective in failing "to adequately investigate and present mitigating circumstance during the penalty hearing" has no merit because there was no penalty hearing. Instead, he was sentenced immediately at the end of the plea hearing to the 32-year sentence he agreed to serve.

Phillips' claim that the state failed to provide adequate notice that he was entering into a "best interest" plea, and his claim that the trial court failed to explain the differences between ranges

fail because, regardless of how it was presented to him, Phillips was informed of the possible penalties and knowingly and voluntarily entered his plea in exchange for a specified sentence.[4] As the Magistrate Judge aptly observed, "when an explanation of a plea is made in open court and a defendant says he understands and does not ask any questions, he will not be heard later to say he didn't understand." (Doc. No. 56 at 19).

Phillip's claim that the form of judgment was improper because only the signature of the prosecutor and the judge were on the form has no bearing on the issue of whether his plea was knowing and voluntary. Likewise, his claim that the habeas court did not review the transcript does not bear on those issues. Besides, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991); see Moreland v. Bradshaw, 699 F.3d 908, 926 (6th Cir. 2012) (noting that federal court "may not issue a writ of habeas corpus on the basis of a perceived error of state law")

Finally Phillips claims the trial court lost jurisdiction because Tenn. Code Ann. § 40-35-106(c) provides "[a] defendant who is found by the court beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II," and he received a Range II sentence, even though

---

[4] With regard to the alleged lack of notice, Phillips also points to Tenn.Code. Ann. § 40-35-202(a), which requires ten days notice if the prosecutor "believes that a defendant should be sentenced as a multiple, persistent or career offender." However, the statute also provides "that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea." Id. The plea agreement that Phillips signed stated :
> My attorney has explained enhanced sentencing to me, and I understand that if I am presently eligible for enhanced sentencing, I have a statutory right to a delay of ten (10) days after the state files a notice of intent to seek enhanced punishment before the Court accepts my plea of 'GUILTY.' I hereby acknowledge that I am subject to enhanced sentencing as a multiple, persistent and/or career criminal, and give up my right to the filing of such notice and/or to some or all of the ten (10) day waiting period before conviction.

(Doc. No. 17-3 at 17). This language is "sufficient to waive the filing of notice seeking enhanced punishment." State v. Johnson, 2012 WL 405654, at *3 (Tenn. Crim. App. Feb. 8, 2012).

no such finding was made by the trial court in his case. The plain language of the statute, however, speaks to when a trial judge *must* sentence a defendant as a Range II offender, not whether a defendant *can* be sentenced as such an offender. As pointed out previously, the law is clear in Tennessee that a Range I offender "may validly receive a Range II multiple offender or Range III persistent offender sentence under a plea bargain as long as the plea was knowing and voluntary." Juan, 2008 WL 2219296, at *3, just as it was in this case.

## IV. Conclusion

On the basis of the foregoing, the R & R (Doc. No. 56) will be adopted, and Phillips' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1) will be denied. Furthermore, because Phillips cannot demonstrate that reasonable jurists would find the Court's conclusions on the merits or on the issue procedural default debatable or wrong, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE